UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TERRANCE KIMBRO,** | ) | CASE NO. 1:15 CV 1093 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| **WARDEN, GRAFTON CORR. INST.,** | ) | |
| | ) | |
| Respondent. | ) | |

This case is before the Court on the Report and Recommendation of Magistrate Judge Kenneth S. McHargh ("R & R"). (**Doc #: 11**.) The Magistrate Judge recommends that the Court grant Respondent's Motion to Dismiss (**Doc #: 8**) and deny *Pro Se* Petitioner Terrance Kimbro's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") (**Doc #: 1**). The Court has reviewed these documents, Kimbro's timely objections (**Doc #: 13**), and the entire record and is prepared to issue a ruling.

**I.**

On February 8, 2007, the Lorain County Grand Jury indicted Petitioner on numerous offenses including murder, felonious assault, and attempted murder, along with firearm and repeat violent-offender specifications. After initially pleading not guilty at the arraignment, Kimbro, who admitted that he killed the victim but claimed that he did it in self defense, subsequently entered a plea of guilty to all charges in the indictment in exchange for the prosecutor recommending the minimum aggregate sentence of 18 years to life. The state court imposed the jointly agreed sentence on May 7, 2008.

At the time Kimbro pled guilty, the prosecution and Kimbro's lawyer knew that police had possession of a blue plastic blood-stained grocery bag containing a rock that was found at the scene of the crime. The police planned to have it tested "to confirm or refute" Kimbro's claim that he killed the victim in self defense. (See Doc #: 9-1 at 3 ¶ 5.) The record does not reveal why the DNA results were not obtained in the 1.5 years before Kimbro pled guilty. Nonetheless, once he decided to take the prosecutor's plea offer, the state was under no obligation to further investigate the case or test the evidence gathered. Kimbro did not appeal his conviction or sentence; thus, his conviction became final 30 days later, on June 6, 2008. Absent equitable tolling, Kimbro's one-year AEDPA limitations period expired on June 6, 2009.

More than three years later, on September 25, 2012, Kimbro filed a motion to withdraw his guilty plea asserting that counsel was ineffective for failing to question why the blue grocery bag was not tested prior to his guilty plea. On October 5, 2012, the trial court denied his motion, and he failed to timely appeal that ruling. On November 4, 2013, Kimbro filed a second motion to withdraw his guilty plea challenging counsel's effectiveness for failing to request a hearing as to the blue plastic grocery bag, and claiming prosecutorial misconduct for the failure to provide the DNA testing results. The trial court denied the motion, the appeals court affirmed based on *res judicata*, and the Supreme Court of Ohio declined to accept jurisdiction of that appeal on April 29, 2015.

Kimbro contends that the limitations period for filing his federal habeas petition did not begin to run until April 29, 2015, when the Ohio Supreme Court declined jurisdiction over the appeal related to Kimbro's second motion to withdraw guilty plea. He ignores the fact that the limitations period had already expired by the time he filed his first motion to withdraw guilty

plea.  Notably missing from his habeas petition (or any of his numerous state-court filings) is any explanation for why it took him three years to raise this issue.  As best the Court can understand, Kimbro appears to argue that the limitations clock should be tolled because "nowhere within the [state] appellate rules of procedure does it state anything about the federal jurisdictional AEDPA statute of limitations."  (Doc #: 13-1 at 1 (misspellings corrected).)  Although Kimbro is not a lawyer and *pro se* pleadings are to be liberally construed, no special treatment is afforded litigants who decide to proceed *pro se*, with particular regard to procedural requirements.  *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

The Magistrate Judge has concluded that the statute of limitations for filing a federal habeas petition expired on June 6, 2009 – well before Kimbro filed his first motion to withdraw his guilty plea in the state trial court.  The Court agrees.  The Court also agrees with the Magistrate Judge that Kimbro has failed to demonstrate diligence or extraordinary circumstances justifying equitable tolling of the AEDPA limitations period, and he has failed to set forth new, reliable evidence undermining confidence in the outcome of the trial, which never occurred because he entered a guilty plea.

## II.

For these reasons, the Court **OVERRULES** Kimbro's objections (**Doc #: 13**), **ADOPTS** the R & R (**Doc #: 11**), **GRANTS** Respondent's Motion to Dismiss (**Doc #: 8**), and **DISMISSES** the Petition (**Doc #: 1**).

**IT IS SO ORDERED.**

 */s/ Dan A. Polster     February 25, 2016*
**Dan Aaron Polster**
**United States District Judge**